## The County of Piatt

*v.*

## David Gumley.

1. SWAMP LANDS—*evidence of title to.* A list of the swamp and over-flowed lands approved to the State, made by the Auditor of Public Accounts of the State, for a county, and by him certified to be a correct list of such land, lying in such county, is sufficient evidence of title to the lands therein described.

2. SAME—*when title is vested in the State.* Where the list of swamp and overflowed lands was selected and approved by the Secretary of the Interior, the title was, by the act of Congress, vested in the State.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Mr. P. A. HAMILTON, and Messrs. REED & BARRINGER, for the plaintiff in error.

Mr. W. E. LODGE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, brought at the February term, 1875, of the Piatt county circuit court, by the county of Piatt, against David Gumley, to recover a certain tract of swamp and overflowed land, situate in said county.

The only question presented is, as to the rejection in evidence of a list of swamp and overflowed lands, certified to by the Auditor of Public Accounts.

A list of swamp and overflowed lands lying in the county of Piatt, which included the tract in controversy, having attached thereto the Auditor's certificate, as follows:

Auditor's Office, Illinois,

Springfield, *May* 28, 1858.

I, Jesse K. Dubois, Auditor of Public Accounts of the State of Illinois, hereby certify that the foregoing is a correct list of swamp and overflowed lands lying in the county of Piatt, approved to the State of Illinois, as shown by list No. 2 of such lands, in the Danville, now Springfield, district, and for which the Governor has applied to the United States General Land Office for patent.

In testimony whereof, I have hereunto subscribed my [SEAL.]  name and affixed my seal of office, the day and year first above written.

Jesse K. Dubois, *Auditor.*

was offered in evidence by the plaintiff, and rejected by the court.

The statute provides that, "the evidence of title from the general government of the swamp and overflowed lands granted to this State, by act of Congress of September 28, 1850, shall be filed in the Auditor's office, and as soon as practicable thereafter the Auditor of Public Accounts shall cause to be made out for each of the several counties, a correct abstract, or list of said lands, the correctness of which list shall be certified to by the said Auditor, with the seal of his office attached thereto, and the lists so made out shall be sufficient evidence of the title of the lands therein described." (See section 8, page 1159, of Scates, Treat & Blackwell's Stat.)

The same section further provides that said list "shall have the same force and effect as patents issued for school lands."

It is objected that the Auditor's certificate shows on its face that there had been no evidence of title from the general gov-

ernment filed in his office; that the only evidence of title is the patent; that the certificate shows that had not been issued, but that the Governor had applied for it.

When the list of swamp and overflowed lands had been selected and approved by the Secretary of the Interior, the title was, by act of Congress, vested in the State. *Keller* v. *Brickey*, 78 Ill. 133.

Objection is taken to the form of the Auditor's certificate, that it does not show that any evidence of title had been filed in his office, nor that it is a copy of the list required to be transmitted by the Secretary of the Interior to the Governor, and that the Auditor does not certify from evidence in his own office, but from a list in a land office of the United States.

All the statute requires is, that the Auditor shall make out for each of the counties a correct list of the swamp and overflowed lands granted to the State, and certify to the correctness thereof, and that the lists so made out shall be sufficient evidence of title to the lands described therein.

It will be presumed that the Auditor performed his duty under the statute, and made out the list from competent data in his office.

The certificate that "the foregoing is a correct list of swamp and overflowed lands lying in the county of Piatt, approved to the State of Illinois," we regard as substantially sufficient under the statute. Although the certificate makes reference to the Danville, now Springfield, district, we do not understand the Auditor as certifying to something which appears in the land office in such district, and does not appear in his own office.

Under the act of our legislature the Auditor's list was evidence of title in the county, and we are of opinion the circuit court erred in not receiving it in evidence.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*